IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

JOHN ERCELL STATON,

       Plaintiff,

v.                                                                  Civil Action No. 1:06cv3
                                                                   (Judge Keeley)

JOE MANCHIN, III, Governor; JAMES
W. SPEARS, Cabinet Secretary; WYETTA
FREDERICKS, Executive Director; and the
POTOMAC HIGHLANDS REGIONAL JAIL,

       Defendants.

## OPINION/REPORT AND RECOMMENDATION

The *pro se* plaintiff initiated this case by filing a civil rights complaint and an Application to Proceed Without the Prepayment of Fees in the United States District Court for the Southern District of West Virginia. Because plaintiff challenges the conditions of his confinement at the Potomac Highlands Regional Jail, the case was transferred to this Court on December 29, 2005.

Upon receipt of the case by this Court, it was discovered that Plaintiff had failed to accompany his Application to Proceed Without Prepayment of Fees with a copy of his Prisoner Trust Account Statement and an executed Consent to Collection of Fees form. Because the Court cannot determine Plaintiff's eligibility to proceed without the prepayment of fees without these forms, a deficiency notice was sent to Plaintiff on April 28, 2006. In the notice, Plaintiff was instructed to file the missing forms within twenty (20) days from the date of the Order. Plaintiff was also advised that the failure to comply with the Order would result in the dismissal of his case. However, rather than file the requested forms, Plaintiff filed an authorization to

release institutional account information,[1] a second motion to proceed as a pauper, and a Motion for Correction of Error.

On June 29, 2006, the undersigned found that Plaintiff had failed to file the appropriate forms. Moreover, the Court denied Plaintiff's motion for correction because the Court determined that there was no error to correct.[2] Finally, the Court noted that Plaintiff still had not filed the appropriate IFP forms and that the case could not proceed until those forms were received. Therefore, Plaintiff was granted an additional 20 days to file the completed forms and was again advised that the failure to do so could result in the dismissal of his case.

A review of the file shows that as of the date of this Opinion, Plaintiff has not filed the requested forms, has not filed a motion to extend time to do so, or otherwise explained his reasons for noncompliance. Accordingly, it is the recommendation of the undersigned that the instant case be DISMISSED without prejudice for the failure to prosecute unless the Court hears to the contrary within ten (10) days from the date of this Order. Any pleadings, motions, letters or other documents filed in response to this Report and Recommendation should also be submitted to the Honorable Irene M. Keeley, United States District Judge.[3]

---

[1] This form is similar to the Consent to Collection of Fees form utilized by this Court, but because it is not as specific, the undersigned later determined that Plaintiff was required to file the forms sent to him by this Court.

[2] In his motion for correction of error, Plaintiff asserted that he provided the requested in forma pauperis ("IFP") forms to the Court at the time his case was initiated in the Southern District. Morever, Plaintiff asserted that he provided this Court's prisoner trust account form to the Charles County Detention Center, but was allegedly told by the facility that the form could not be processed until it received a response from this Court. Upon investigation, the undersigned found that no such papers were ever received by this Court from the Southern District and that no one from the Charles County Detention Center had contacted the Clerk's Office of this District regarding Plaintiff's IFP papers.

[3] Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce,

The Clerk is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* plaintiff and counsel of record, as applicable.

DATED: September 19, 2006.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

---

727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).